Greening *against* Sheffield.

1, Service of a writ of capias (though not requiring bail) on defendant while returning from a militia muster, is void.
2, Action at law will not lie vs. an executor on his contract in that character.

ASSUMPSIT by *Wade H. Greening*, executor of *J. Greening*, on a promissory Note. Plea—that the writ was executed on defendant while he was returning from a battalion muster, to which he had been for the purpose of performing militia duty. Plea verified by affidavit—general demurrer to the plea—demurrer sustained, and *resp. oust.* awarded. Defendant declining to plead further, judgment was entered against him for the amount of the note and interest, not designating him as executor, or stating to be levied of the goods, &c. of his testator. The matters assigned here as Error appear in the

Opinion of the Court delivered by Judge *Crenshaw.*

The first assignment is, that the Court erred in sustaining the demurrer to the plea in abatement. The Statute declares void any arrest by any civil process while going to, continuing at, or returning from, any muster, court martial, or other military meeting. I am of opinion that it was the intention of the Legislature to make void any service of process against the person of any one so situated, whether the process was bailable or not. If the Statute were of doubtful meaning, it ought to receive the construction most beneficial to the party to whom the law has extended a privilege. The demurrer to the plea in abatement should have been overruled.

The second assignment is, that the action is against *Greening* in his character of executor, and the judgment is *de bonis propriis.* The writ and declaration are against the plaintiff in Error in his representative character, and the judgment, if any, should have been to be levied *de bonis testatoris.* But the contract appears to have been made by the executor and not by the testator ; and in a Court of law the estate cannot be charged with such a contract. *Greening,* though liable in an action properly brought against him in his individual character, cannot be made liable in this action against him as executor.

The judgment must be reversed.

*H. G. Perry*, for plaintiff.

*Crawford* and *Hitchcock*, for defendant in Error.